IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDYN LAWRENCE BODEWIG,

        Petitioner,

v.

LANE COUNTY CIRCUIT COURT,

        Respondent.

Case No. 3:18-CV-01967-SI

ORDER TO SHOW CAUSE

SIMON, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, should Petitioner wish to proceed with this action, he must show cause why his Petition for Writ of Habeas Corpus (#1) should not be summarily dismissed. See Rule 4, Rules Governing Section 2254 Cases.

## BACKGROUND

Petitioner challenges a Lane County Judgment dated January 24, 2005 resulting from his guilty but for insanity plea

1 - ORDER TO SHOW CAUSE

stemming from an attempted murder. Petitioner did not take a direct appeal, but claims to have filed for post-conviction relief ("PCR") at an unspecified time. According to the Petition, he filed his PCR petition too late to obtain any relief, and "none of my grounds for relief have been presented because I failed to file post-conviction relief in a timely manner." Petition (#1), p. 7.

## DISCUSSION

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

As Petitioner acknowledges, where he did not take a direct appeal and did not file a timely PCR action, he never fairly presented any of his claims to Oregon's state courts. The

2 - ORDER TO SHOW CAUSE

untimely nature of his PCR Petition does not excuse his failure to fairly present his claims to Oregon's state courts.

In addition, Petitioner had a maximum of one year following the conclusion of his state court proceedings in which to file this federal habeas corpus action. 28 U.S.C. § 2244(d)(1). When Petitioner did not take a direct appeal within 30 days as required by ORS 138.071, the Judgment became final and the one-year statute of limitations began to run on February 23, 2005.[1] See ORS 138.071. Consequently, when Petitioner did not file this case on or before February 23, 2006, he lost the ability to do so. For these reasons, it does not appear that Petitioner is eligible to proceed with this case.

## CONCLUSION

Should Petitioner wish to proceed with this case, he must show cause within 30 days why his Petition should not be summarily dismissed.

IT IS SO ORDERED.

DATED this 7th day of December, 2018.

Michael H. Simon
United States District Judge

---

[1] Petitioner's untimely PCR Petition did not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

3 - ORDER TO SHOW CAUSE